UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE E. CARTER,

    Plaintiff,

v

H&M DEMOLITIONS COMPANY,
INC., et al.,

    Defendants.
_____/

Case No. 1:16-cv-323

HON. JANET T. NEFF

**OPINION AND ORDER**

    Plaintiff, proceeding pro se, filed this action on March 30, 2016, alleging injuries incurred from toxic substance exposure (Dkt 1). The matter was referred to the Magistrate Judge who issued a Report and Recommendation (R&R, Dkt 10), recommending that this Court dismiss Plaintiff's complaint for lack of subject matter jurisdiction. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 11), Plaintiff's two Motions to Appoint Counsel (Dkts 1, 6), and Plaintiff's Motion to Serve the Complaint (Dkt 7). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has considered de novo those portions of the Report and Recommendation to which objections have been made. For the reasons that follow, the Court denies Plaintiff's objections, denies the motions, and issues this Opinion and Order.

    Plaintiff objects to the Magistrate Judge's recommendation that his case be dismissed due to lack of subject matter jurisdiction (Objs., Dkt 11 at PageID.89; R&R, Dkt 10 at PageID.88).

Plaintiff asserts that a "1986 federal act reauthorized CERCLA to continue efforts to clean up Hazardous waste abandonments, spills, and releases" (Objs., Dkt 11 at PageID.89). Plaintiff also asserts that the property on which he was injured "is subject to all federal laws, regulations, and OSHA standards," and that "[f]ederal law was violated during the time of federal and state supervision and Plaintiff was injured" (*id.* at PageID.90). Plaintiff essentially argues that a federal question exists in accordance with 28 U.S.C. § 1331 and that the Magistrate Judge failed to recognize it.

Plaintiff's objection is without merit.

District courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "A suit arises under the law that creates the cause of action." *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). Plaintiff has not identified a statute that creates a private cause of action for personal injury arising from exposure to toxic substances. Therefore, Plaintiff has failed to demonstrate any error in the Magistrate Judge's conclusion that this Court lacks jurisdiction over the subject matter of this case.

Accordingly, the Court approves and adopts the Report and Recommendation as the Opinion of the Court and denies as moot Plaintiff's motion to serve his complaint. Finding no exceptional circumstances warranting appointment of counsel, the Court will also deny Plaintiff's motions for appointed counsel. *See Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). Last, as the Court's decision terminates this action, the Court will enter a corresponding Judgment. *See* FED. R. CIV. P. 58.

**THEREFORE, IT IS ORDERED** that the Objections (Dkt 11) are DENIED and the Report and Recommendation (Dkt 10) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Appoint Counsel (Dkts 1, 6) are DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Serve the Complaint (Dkt 7) is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants are DISMISSED WITHOUT PREJUDICE due to lack of subject matter jurisdiction.

Date:  November 2, 2016                              /s/ Janet T. Neff
                                                                    JANET T. NEFF
                                                                    United States District Judge